**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Robertson Transformer Co. d/b/a Robertson Worldwide,<br><br>        Plaintiff,<br><br>    v.<br><br>General Electric Company,<br>GE Lighting, LLC,<br>H.B. Etlin Company, Ltd. a/k/a Etlin-Daniels,<br>ARN Industries, Inc. d/b/a Halco Lighting Technologies,<br>Hatch Transformers, Inc.,<br>Howard Industries Inc., and<br>Keystone Technologies, LLC,<br><br>        Defendants,<br><br>and<br><br>Super X Manufacturing Ltd.,<br><br>        Intervenor. | Civil Action No. 1:12-cv-08094<br><br>JURY TRIAL DEMANDED<br><br>Judge Elaine E. Bucklo |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION TO
STRIKE THE JANUARY 30, 2015, DECLARATION OF C.R. STEVENS**

On January 13, 2015, the Court ordered the parties to file responses to all outstanding motions to exclude or strike. Dkts. 240, 243. The Court's Order limited oppositions to ten (10) pages and did not provide for replies. *Id*. In support of their Opposition to Plaintiff's Motion to Exclude Certain Opinions of C.R. Stevens, Defendants submitted a supplemental declaration from Mr. Stevens dated January 30, 2015. *See* Dkt. 304, Ex. 4 ("Stevens Supplemental Declaration").

Robertson objects to the submission of the Stevens Supplemental Declaration. At his deposition, Mr. Stevens acknowledged destroying test data. Ex. 1, 115:16-116:13. When

1

Robertson's counsel concluded questioning, Defendants specifically declined to ask any follow-up questions on re-direct regarding Mr. Stevens' actions. Ex. 1, 137:2-4 ("I have no redirect"). Now, in an attempt to avoid the consequences of that damaging testimony, Defendants submitted a post-deposition expert declaration that belatedly attempts to explain away Mr. Stevens' conduct – four months after the deposition.

The Court should strike the Stevens Supplemental Declaration. First, the declaration seeks to fill holes in Mr. Stevens' expert opinions that were uncovered during deposition. As such, the new declaration functions as a supplemental expert report (particularly paragraphs 6-12) served after the expert disclosure deadline and in violation of Fed. R. Civ. P. 26(a)(2)(D). *See* Fed. R. Civ. P. 26(a)(2)(D) ("A party must make these disclosures at the times and in the sequence that the court orders"). Further, such new opinions are presumed prejudicial under this District's Local Patent Rules. *See* Local Patent Rule 5.3 ("Amendments or supplementation to expert reports after the deadlines provided herein are presumptively prejudicial and shall not be allowed absent prior leave of court upon a showing of good cause that the amendment or supplementation could not reasonably have been made earlier and that the opposing party is not unfairly prejudiced"); *see also Gregory v Oliver,* No. 00-5984, 2002 U.S. Dist. LEXIS 24730, at *6 (N.D. Ill. Dec. 27, 2002) (opportunity to depose expert does not make up for inadequate expert report)**.** Since Defendants have not requested permission or leave to augment Mr. Stevens' expert opinions, nor shown the requisite good cause, the supplemental declaration should be stricken. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information… as required by Rule 26(a)… the party is not allowed to use that information… to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

Second, the submission of the supplemental expert declaration is particularly egregious and prejudicial to Robertson since Defendants had an opportunity to ask re-direct questions during the deposition but, for tactical reasons, elected not to. Ex. 1, 137:2-4 ("I have no redirect"). Thus, Defendants had the opportunity to elicit "rehabilitating" testimony that would have been subject to immediate re-cross-examination. By allowing Mr. Stevens' testimony to stand unchallenged, Defendants waived the opportunity to introduce supplemental testimony at the deposition and should be precluded from introducing supplemental expert testimony through the Stevens Supplemental Declaration, several months after the deposition (which has not been subject to *any* cross-examination). *See Central States, Southeast & Southwest Areas Pension Fund v. Neiman*, No. 99-C-1181, 2000 U.S. Dist. LEXIS 5756, at *17-18 (N.D. Ill. Mar. 23, 2000) ("A deposition carries more weight because an individual testifies in his own words in response to questioning and cross-examination, whereas an affidavit is generally drafted by an attorney."); *United States v. Krause (In re Krause)*, No. 05-17429, 2007 Bankr. LEXIS 4041, at *23-24 (Bankr. D. Kan. Nov. 13, 2007) (disregarding post-deposition affidavits in part because a licensed lawyer was present during deposition and had the opportunity to cross examine); *Urich v. Mid-Minnesota Legal Assistance*, No. 07-1309, 2008 U.S. Dist. LEXIS 57010, at *14-15 (D. Minn. July 22, 2008) (noting "Federal courts have long recognized that deposition testimony is inherently more reliable than affidavits or declarations because the deponent was either cross-examined by opposing counsel, or at least available to opposing counsel for cross-examination") (citations and quotations omitted). Furthermore, Mr. Stevens was afforded an opportunity to review and make corrections to his deposition transcript but, again, chose not to.

Finally, the Seventh Circuit is "highly critical of efforts to patch up a party's deposition with his own subsequent affidavit." *Russell v. Acme-Evans Co.*, 51 F.3d 64, 67 (7th Cir. 1995); *see*

*also Commercial Underwriters Ins. Co. v. Aires Envtl. Servs., Ltd.*, 259 F.3d 792, 799 (7th Cir. 2001) ("[P]arties may not patch-up potentially damaging deposition testimony with a contradictory affidavit.") (internal quotation omitted); *Maldonado v. United States Bank*, 186 F.3d 759, 769 (7th Cir. Ill. 1999) ("Courts generally ignore attempts to patch-up potentially damaging deposition testimony with a supplemental affidavit unless the party offers a suitable explanation--e.g., confusion, mistake or lapse in memory--for the discrepancy."). Defendants' attempt to use a post-deposition expert declaration to ameliorate Mr. Stevens' harmful testimony is precisely the type of conduct criticized by the Seventh Circuit.

For the foregoing reasons, Robertson respectfully requests that the Court Strike the January 30, 2015, Declaration of C.R. Stevens.

Dated: February 06, 2015

Respectfully submitted,

*/s/* Steven W. Hartsell
Paul J. Skiermont
N.D. Ill. Bar No. 6278464
Donald Puckett
N.D. Ill. Bar No. 24013358
Rajkumar Vinnakota
N.D. Ill. Bar No. 24042337
Steven W. Hartsell
N.D. Ill. Bar No. 24040199
Clifford Chad Henson
N.D. Ill. 24087711
**SKIERMONT PUCKETT LLP**
2200 Ross Avenue, Suite 4800W
Dallas, Texas 75201
(214) 978-6600 (Telephone)
(214) 978-6601 (Facsimile)
paul.skiermont@skiermontpuckett.com
donald.puckett@skiermontpuckett.com
kumar.vinnakota@skiermontpuckett.com
steven.hartsell@skiermontpuckett.com
chad.henson@skiermontpuckett.com

*Counsel for Plaintiff Robertson Transformer Co. d/b/a Robertson Worldwide*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document, PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE THE JANUARY 30, 2015, DECLARATION OF C.R. STEVENS was served on all counsel of record via the Court's CM/ECF system on February 06, 2015.

*/s/* Steven W. Hartsell

**CERTIFICATE OF CONFERENCE**

In an effort to avoid motion practice, on February 5, 2015, Plaintiff's counsel emailed counsel for Defendants' and informed them that Plaintiff intended to file a motion to strike and requested that Defendants withdraw the Stevens Supplemental Declaration. On February 6, 2015, Defendants replied that they disagreed that there is any basis to seek withdrawal or strike the Stevens Supplemental Declaration. Therefore, the Motion is presented to the Court for determination.

/s/ Steven W. Hartsell